USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 18, 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                    :
GIL ESPINOBARROS APOLINAR and DELFINO :
FELIX VARGAS, individually and on behalf of        :
others similarly situated,                                         :
                                                                    :
                              Plaintiffs,          :          15-cv-8655 (KBF)
                                                                    :
                 -v-                               :          OPINION & ORDER
                                                                    :
R.J. 49 REST., LLC, et al.,                        :
                                                                    :
                              Defendants.          :
                                                                    :
------------------------------------------------------------------ X

KATHERINE B. FORREST, District Judge:

Plaintiffs Gil Espinobarros Apolinar ("Apolinar") and Delfino Felix Vargas ("Vargas"), on behalf of themselves and others similarly situated, commenced this action on November 4, 2015 against several corporate defendants and individuals for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"). Plaintiffs allege that the various corporate defendants all do business under the name "Toasties" and have engaged in a number of illegal employment practices including, inter alia, illegally retaining tips, deducting meals and taking kickbacks. (See Am. Compl., ECF No. 53.)

Pending before the Court are two motions that the Court resolves together in this decision. The first is a motion to dismiss plaintiffs' Amended Complaint by defendants R.J. 51 Inc. ("R.J. 51"), N.J. 52 Inc. ("N.J. 52") and Susan Kim (the "Moving Defendants") pursuant to Rule 12(b)(6) on the basis that plaintiffs do not sufficiently allege that they employed plaintiffs. (ECF No. 59.) The second is

plaintiffs' motion pursuant to 29 U.S.C. § 216(b) for conditional certification of a broad collective action of all non-managerial employees at all Toasties locations. (ECF No. 62.)  Two non-moving defendants—R.J. 49 Rest., LLC ("R.J. 49") and Robert Kim—have answered the Amended Complaint.  (ECF No. 58.)  The remaining defendants—who have not yet been served in this action—have not appeared or responded to plaintiffs' allegations.

For the reasons set forth below, the Moving Defendants' motion to dismiss is GRANTED; plaintiffs' motion for conditional certification is GRANTED IN PART as modified below.

I.    BACKGROUND

Plaintiffs commenced this action in November 2015, and filed the Amended Complaint in March 2016, against several corporate entities and individuals, including the Moving Defendants; plaintiffs allege that the various corporate defendants did business under the name "Toasties."  (Am. Compl. ¶ 26.)  Plaintiffs allege that they were, or continue to be, employed as delivery persons by non-moving defendant R.J. 49, which does business as the Toasties delicatessen located at 148 West 49th Street, New York, NY 10019.  (Am. Compl. ¶¶ 13-14, 54, 106.)  Plaintiffs do not allege that they worked at any other Toasties deli, each of which is owned by a different corporate defendant.  Plaintiffs allege that, in addition to their regularly assigned duties as delivery persons, they were also regularly assigned certain other tasks.  (Am. Compl. ¶¶ 55, 57, 107, 109.)

Plaintiffs allege that all of the defendants were their employer under the FLSA and NYLL because they were and continue to be a single and joint employer

with a "high degree of interrelated and unified operation" who "share common management, centralized control of labor relations, common ownership, [a] common control, common website, common business purposes and interrelated goals." (Am. Compl. ¶¶ 30, 37-41.) Plaintiffs allege that Toasties has seven active deli locations in New York City, five of which are listed on Toasties' website home page, which describes the business as "a family owned and operated New York Gourmet Delicatessen." (Am. Compl. ¶¶ 33-34.) The website also contains links to individual store menus, Seamless websites, and a listing of telephone numbers. (Am. Compl. ¶ 35.)

Plaintiffs allege that the enterprise that does business as Toasties is owned and operated by individual defendants Robert Kim, Raymond Kim and Susan Kim. (Am. Compl. ¶ 45.) They allege that Robert Kim and Raymond Kim are twins, and that Susan Kim is their mother. (Am. Compl. ¶ 45.) Plaintiffs allege that each of these defendants is "in charge of all areas of the Toasties deli enterprise, including the hiring and termination of workers, determining the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load and employment policy." (Am. Compl. ¶¶ 46, 48, 50.)[1]

Plaintiffs allege that the defendants violated the FLSA and NYLL by: (1) failing to comply with meal credit requirements, (2) impermissibly retaining tips, (3) impermissibly deducting from gratuities earned by plaintiffs, (4) failing to pay the statutory minimum wage, (5) failing to pay overtime, (6) failing to provide

---

[1] Plaintiffs also allege that defendant Elliot Lee, whom they know as "Manager" and who has not yet appeared in this action, has similar responsibilities. (Am Compl. ¶ 52.)

plaintiffs with required notices under the NYLL, and (7) unlawfully retaliating

against Apolinar.  (Am Compl. ¶¶ 165-261.)

## II.    MOTION TO DISMISS

### A.    Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must provide the

grounds upon which [its] claim rests through factual allegations sufficient 'to raise a

right to relief above the speculative level.'"  ATSI Commc'ns, Inc. v. Shaar Fund,

Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S.

544, 555 (2007)).  In other words, the complaint must allege "enough facts to state a

claim to relief that is plausible on its face."  Starr v. Sony BMG Music Entm't, 592

F.3d 314, 321 (2d Cir. 2010) (quoting Twombly, 550 U.S. at 570); see also Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (same).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at

678.

The Court does not, however, credit "mere conclusory statements" or

"threadbare recitals of the elements of a cause of action."  Id.  If the court can infer

no more than "the mere possibility of misconduct" from the factual averments—in

other words, if the well-pleaded allegations of the complaint have not "nudged

claims across the line from conceivable to plausible," dismissal is appropriate.

Twombly, 550 U.S. at 570; Starr, 592 F.3d at 321 (quoting Iqbal, 556 U.S. at 679).

On a motion to dismiss, the Court accepts as true the factual allegations in

the pleadings and draws all inferences in plaintiffs' favor.  See Iqbal, 556 U.S. at

4

678 (citing Twombly, 550 U.S. at 555-57).  If a fact is susceptible to two or more competing inferences, in evaluating these motions, the Court must, as a matter of law, draw the inference that favors the plaintiff so long as it is reasonable.  N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC, 709 F.3d 109, 121 (2d Cir. 2013).  "[T]he existence of other, competing inferences does not prevent the plaintiff[s'] desired inference from qualifying as reasonable unless at least one of those competing inferences rises to the level of an obvious alternative explanation." Id. (internal quotation marks omitted).

Where necessary, the Court may supplement the allegations in the complaint with facts from documents either referenced in the complaint or relied upon in framing the complaint.  See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) ("[W]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint[,] the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991)).  The Court may also consider "matters of which judicial notice may be taken." Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

B.    Discussion

As stated above, the Moving Defendants move to be dismissed from this action pursuant to Rule 12(b)(6) primarily on the ground that plaintiffs have failed to adequately allege—by making only boilerplate, conclusory allegations—that they exercised any formal or functional control over plaintiffs such that they may be held liable as plaintiffs' employer under the FLSA or the NYLL.[2]

An individual or entity may be held liable under the FLSA if it is deemed an "employer" under the statute.  29 U.S.C. § 203(d).  Under the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee."  Id.  The Department of Labor's regulations "expressly recognize that a worker may be employed by more than one entity at the same time."  Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61, 66 (2d Cir. 2003) (citing 29 C.F.R. § 791.2(a)).  An entity or individual "employs" an individual if it "suffer[s] or permit[s]" that individual to work.  29 U.S.C. § 203(g).

"[T]he determination of whether an employer-employee relationship exists for purposes of the FLSA [is] grounded in economic reality rather than technical concepts."  Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013) (quotation marks omitted).  To that end, the FLSA must be "construed . . . liberally to apply the furthest reaches consistent with congressional action."  Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 296 (1985); see also Zheng, 355 F.3d at 69

---

[2] The Moving Defendants' motion also seeks dismissal of plaintiffs' implied contract claim and plaintiffs' claims for fraudulent filings on particularized grounds.  The Court need not and does not reach these arguments in light of its grant of the Moving Defendants' motion as to all claims on other grounds.

(stating that the "suffer or permit" language in the statute "necessarily reaches beyond traditional agency law").  Under Second Circuit precedent, "employment for FLSA purposes [is] a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances."  Irizarry, 722 F.3d at 104.  The relevant factors as to whether an employment relationship exists under the FLSA include "'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'"  Id. at 104-05 (quoting Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 142 (2d Cir. 2008)).  These factors are not exclusive and no one factor is dispositive.  Id. at 105.[3]  The same analysis that applies to FLSA claims also applies to claims brought under the NYLL.  Xue Lian Lin v. Comprehensive Health Mgmt., Inc., No. 08 Civ. 6519 (PKC), 2009 WL 976835, at *2 (S.D.N.Y. Apr. 9, 2009) (citing Cannon v. Douglas Elliman, LLC, No. 06 Civ. 7092 (NRB), 2007 WL 4358456, at *4 (S.D.N.Y. Dec. 10, 2007)).  The Court first addresses whether plaintiffs have adequately pled that the corporate defendants, R.J. 51 and N.J. 52 (collectively, the "Corporate Moving Defendants"), are their employers under the FLSA, and then considers whether plaintiffs have done so as to defendant Susan Kim.

---

[3] Although the Second Circuit has applied a different test in the context of distinguishing an employee from an independent contractor, it has instructed that the four-factor test discussed above is useful in cases, such as this one, where the issue is whether the defendant may properly be considered a joint employer.  Zheng, 355 F.3d at 67.

Plaintiffs allege that all of the corporate entity defendants—including the Moving Corporate Defendants—constitute a joint employer based on the theory that they operate as a single enterprise with significant interrelation of operations.[4] Courts within this District have applied the "single integrated enterprise" test to "assess whether a group of distinct but closely affiliated entities should be treated as a single employer for FLSA purposes." Juarez v. 449 Rest., Inc., 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014) (collecting cases). Under that test, "courts consider (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." Id.; see also Barfield, 537 F.3d at 149 (viewing "joint employment as a question to be resolved from the totality of the evidence").

Plaintiffs, in large part, support their single enterprise theory by relying on a number of conclusory allegations that merely plead the presence of the relevant factors necessary to establish common control and joint employer status. (Am. Compl. ¶¶ 30, 37-42.) Plaintiffs also rely on allegations that five of the seven Toasties locations—all of which are located in midtown Manhattan—are listed on the same website that describes Toasties as "a family owned and operated New York Gourmet Delicatessen," contains links to Seamless websites, and provides telephone numbers and identical menus for each location. (Am. Compl. ¶¶ 33-35,

---

[4] At least in certain other contexts, the Second Circuit has explained that a single integrated enterprise theory is distinct from a joint employer theory. See Arculeo v. On-Site Sales & Mktg., LLC, 425 F.3d 193, 198 (2d Cir. 2005) (distinguishing single integrated enterprise and joint employer doctrines in Title VII context). Here, plaintiffs meld both concepts together.

45; see also Am. Compl., Ex. 6.)[5]  As explained below, these allegations do not plausibly support Moving Corporate Defendants' status as plaintiffs' employers under the FLSA or the NYLL.

Although plaintiffs have plausibly alleged, based on their allegations relating to the content of the Toasties website, that there existed common ownership and a common purpose for at least several of the corporate defendants, the allegations, even when accepted as true as they must be on this motion, do not establish that the Moving Corporate Defendants had an interrelation of operations or centralized control of labor relations with plaintiffs' identified direct corporate employer, R.J. 49. Lopez v. Acme Am. Envtl. Co., No. 12 Civ. 511 (WHP), 2012 WL 6062501, at *4 (S.D.N.Y. Dec. 6, 2012) ("Allegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees.").  Plaintiffs do not allege that the Moving Corporate Defendants had any sort of direct employer responsibility over them, such as the ability to hire or fire, or set work hours or job responsibilities.  See, e.g., Diaz v. Consortium for Worker Educ., Inc., No. 10 Civ. 01848 (LAP), 2010 WL 3910280, at *4 (S.D.N.Y. Sept. 28, 2010) (dismissing FLSA claims against defendants which plaintiffs did not allege had "any direct role in managing the

---

[5] In their opposition brief, plaintiffs also seek to rely on affidavits submitted in support of their motion for conditional certification stating that there are at least two employees of R.J. 51 who are victims of defendants' common policy of deducting tips from deliverymen for online orders.  (Troy Decl., Ex. 2 ¶¶ 51-54, Ex. 3 ¶¶ 31-35, ECF No. 63.)  Because these assertions do not appear in the Amended Complaint and there is no basis upon which the Court may incorporate them into the Amended Complaint, these purported facts may not properly be considered by the Court on this motion.  Chambers, 282 F.3d at 154; Santana v. Fishlegs, LLC, No. 13 Civ. 01628 (LGS), 2013 WL 5951438, at *8 (S.D.N.Y. Nov. 7, 2013).

plaintiffs, hiring or firing the plaintiffs, determining their work hours, or maintaining employment records").[6]  Merely reciting the elements of a joint employer arrangement—which is primarily what plaintiffs do here—is insufficient to plausibly allege joint employer status.  Cannon, 2007 WL 4358456, at *5.  That is because, even if the Moving Corporate Defendants are "part of an 'integrated enterprise' or 'engaged in a joint venture,'" the various corporate Toasties entities "may nevertheless employ separate people and, absent control, are not liable for the separate employees of joint ventures."  Lopez, 2012 WL 6062501, at *4; see also Santana, 2013 WL 5951438, at *8; Cannon, 2007 WL 4358456, at *4.  Simply put, plaintiffs' allegations do not go beyond alleging common ownership and a common business plan and purpose.  Their allegations entirely leave out the relationship that plaintiffs, as employees, had to the Toasties locations besides the one location at which plaintiffs actually worked.

Susan Kim, the Individual Moving Defendant, seeks dismissal of the claims against her on similar grounds.  The Court agrees that plaintiffs do not adequately allege that Susan Kim was their employer under the FLSA and NYLL.  "Officers and owners of corporations may be deemed employers under the FLSA where 'the individual has overall operational control of the corporation, possesses an ownership

---

[6] This conclusion is not inconsistent with Juarez v. 449 Restaurant, Inc., in which the court concluded that the plaintiff had plausibly alleged that the defendants operated as a single integrated enterprise and thus qualified as a single statutory employer under the FLSA.  29 F. Supp. 3d at 368. In that case, in addition to allegations relating to defendants' sharing of a website, the use of the same or similar menus, and that workers at different job locations wear the same uniform, the court also concluded that the plaintiff plausibly alleged centralized control of labor relations based on the allegations that plaintiff had worked at three locations and that non-exempt workers were directed and/or permitted to perform work at multiple job locations.  Id.  The latter sort of allegations are absent here.

interest in it, controls significant functions of the business, or determines the employees' salaries and makes hiring decisions.'" <u>Ansoumana v. Gristede's Operating Corp.</u>, 255 F. Supp. 2d 184, 192 (S.D.N.Y. 2003) (quoting <u>Lopez v. Silverman</u>, 14 F. Supp. 2d 405, 412 (S.D.N.Y. 1998)); <u>accord</u> <u>Tracy v. NVR, Inc.</u>, 667 F. Supp. 2d 244, 246 (W.D.N.Y. 2009).  The Amended Complaint alleges that Susan Kim is plaintiffs' employer for FLSA purposes based on the allegations that the Toasties website states that all locations are owned and operated by a family, plaintiffs know Susan Kim as "Boss' Mother," and based on the conclusory allegation—using identical language that plaintiffs use with respect to the other individual defendants—that Susan Kim "is in charge of all areas of the Toasties deli enterprise, including the hiring and termination of workers, determining the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load and employment policy."  (Am. Compl. ¶¶ 34, 45, 48.)  Again, plaintiffs' conclusory allegations—which merely plead the presence of the factors relevant to whether an individual is a joint employer—are insufficient to plausibly show that Susan Kim was their employer for purposes of the FLSA.  The Amended Complaint is devoid of any non-conclusory allegations suggesting that Susan Kim exercised any degree over the particular Toasties location that employed plaintiffs, or that she otherwise had any direct relationship of control over plaintiffs' terms and conditions of employment.  <u>See</u> <u>Bravo v. Eastpoint Int'l, Inc.</u>, No. 99 Civ. 9474 (WK), 2001 WL 314622, at *2 (S.D.N.Y. Mar. 30, 2001) (dismissing claims against alleged owner and chairperson because there was no fact tending to establish her

power to control the plaintiff workers); see also Wolman v. Catholic Health Sys. of Long Island, Inc., 853 F. Supp. 2d 290, 299 (E.D.N.Y. 2012) ("[C]ourts will not find individual liability when the relationship between plaintiff-employees and the putative employer is too attenuated, especially when the entity has a significant number of employees."), aff'd in part, rev'd in part sub nom. Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106 (2d Cir. 2013).

Thus, for the foregoing reasons, the Moving Defendants' motion to dismiss is GRANTED.  This action is hereby dismissed as to defendants R.J. 51 Inc., N.J. 52 Inc. and Susan Kim.[7]

## III.   MOTION FOR CONDITIONAL CERTIFICATION

### A.   Legal Standard

Section 216(b) of the FLSA authorizes employees to maintain collective actions where they are "similarly situated" with respect to the alleged violations of the FLSA.  29 U.S.C. § 216(b); Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir.

---

[7] The Court also dismisses, sua sponte, all of the defendants who have not been served with the Summons and Complaint or the Amended Complaint, without prejudice.  These defendants include individuals Elliot Lee and Raymond Kim, and corporate defendants John Doe Corporation d/b/a Toasties, Ark 48th Corp. d/b/a Toasties, 924 Third Ave. Deli, Inc. d/b/a Toasties, Toasties One Corp. d/b/a Toasties, Toasties Deli Corp. d/b/a Toasties, and CCKO, Inc. d/b/a Toasties.  Under the version of Rule 4(m) in effect at the time this action was filed, a court was required to dismiss a defendant without prejudice or order that service be made within a specified time if such defendant was not served within 120 days after the complaint was filed.  Fed. R. Civ. P. 4(m); see Diaz v. Amber Transp., LLC, No. 15 Civ. 05820, 2016 WL 1312592, at *2 n.1 (S.D.N.Y. Apr. 4, 2016) (finding that 120-day period appropriate where complaint filed before 2015 amendments went into effect); accord Li v. Ichiro Sushi, Inc., No. 14-cv-10242(AJN), 2016 WL 1271068, at *3 n.4 (S.D.N.Y. Mar. 29, 2016).  Because this action was filed on November 4, 2015, plaintiffs were required to serve these defendants not later than March 3, 2016.  While a court must extend the time for service if the plaintiff can demonstrate good cause, Diaz, 2016 WL 1312592, at *2, plaintiffs have provided no explanation for their delay, nor have they even sought an extension of time to serve these defendants.  The Court declines to allow service outside the 120-day time period.

2010).  Similarly situated employees must "opt in" to an action by filing a "consent

in writing to become . . . a party."  29 U.S.C. § 216(b).

Certification of a "collective action" is a two-step process in the Second

Circuit.  See Myers, 624 F.3d at 554–55.  At the first step (conditional certification),

the Court simply authorizes notice to be sent to potential similarly situated

plaintiffs.  Id. at 555.  Plaintiffs bear the light burden of making a "modest factual

showing" that the named initial plaintiffs and the potential opt-in plaintiffs

"together were victims of a common policy or plan that violated the law."  Id.

(quoting Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).  The

burden may be satisfied through the pleadings and affidavits alone.  Iglesias-

Mendoza v. La Bell Farm. Inc., 239 F.R.D. 363, 367 (S.D.N.Y. 2007).

At the second step, defendants have the opportunity to move for

decertification if, after additional discovery, the record shows that the opt-in

plaintiffs are not, in fact, similarly situated to the named plaintiffs.  See Myers, 624

F.3d at 555.

B.    Discussion

Plaintiffs seek to conditionally certify a collective action pursuant to 29

U.S.C. § 216(b) that includes:

> All non-managerial employees of the Defendants,
> including but not limited to or any other equivalent
> employee, who previously worked, or is currently working
> for Defendants during the past three (3) years and who:
>> (i) did not receive at least the minimum wage for
>> each hour worked;
>> (ii) were subject to illegal tip retention;
>> (iii) were subject to illegal meal deductions; and/or
>> (iv) were subject to illegal kickbacks.

(Mem. of Law in Support of Pls.' Mot. for Conditional Certification at 4, ECF No. 64; see also Am. Compl. ¶¶ 152-53.)  Plaintiffs thus seek to conditionally certify a collective action of all non-managerial employees (regardless of specific position) for all Toasties locations, including those owned by the defendants whom the Court has now dismissed pursuant to Rule 12(b)(6) or due to a failure to effect timely service. Plaintiffs' motion is supported by affidavits from the two named plaintiffs and prospective collective action members, Apolinar (Troy Decl., Ex. 2 ("Apolinar Aff."), ECF No. 63-2) and Vargas (Troy Decl., Ex. 3 ("Vargas Aff."), ECF No. 63-3). Defendants oppose conditional certification, arguing that the Court should either deny the motion in its entirety or, in the alternative, should limit the collective action to only include delivery persons who worked at R.J. 49 Rest., LLC d/b/a Toasties located at 148 West 49th Street, New York, NY 10019.  (Defs.' Mem. of Law in Opp. to Pls.' Mot. for Conditional Collective Certification at 3, 18, ECF No. 68.)

At the outset, plaintiffs are not entitled to conditional certification of a collective action that includes workers at other Toasties locations in light of the Court's dismissal of the employers at those other locations.  Furthermore, even if these defendants were not dismissed, plaintiffs have nonetheless failed to meet their modest factual showing to warrant conditional certification of the broad collective action that they seek, both in terms of the number of Toasties locations they seek to include as well as the extension of the collective action to employees other than delivery persons.  That being said, the Court does conclude that

plaintiffs have made a sufficient showing to warrant conditional certification of a collective action limited to delivery persons employed by R.J. 49, which owns the one Toasties location at which both named plaintiffs worked as delivery persons. Below, the Court lays out plaintiffs' evidence supporting their motion, and then explains why it is only sufficient to support conditional certification of a narrow collective action.

Apolinar's affidavit states that he was employed by defendants Robert Kim and Elliot Lee for the Toasties located at 148 W 49th Street, New York, NY 10019 as a delivery person from June 1, 2010 to March 22, 2016 (Apolinar Aff. ¶ 3); Vargas's affidavit states that he has also been employed as a delivery person at the same location from April 1, 2013 to the present (Vargas Aff. ¶ 3).  Both plaintiffs assert that they were regularly assigned—in addition to their duties as delivery persons—tasks that included cutting and peeling carrots, arranging sodas, and cleaning various parts of the deli.  (Apolinar Aff. ¶¶ 4-5; Vargas ¶¶ 4-5.)  Both plaintiffs also claim that their boss, Robert Kim, regularly engaged in illegal practices including, inter alia, retaining tips from delivery persons, deducting pay for meals for delivery persons and requiring delivery persons to make kickbacks to defendants.  (Apolinar Aff. ¶¶ 14, 16-18, 33-40, 45-46, 50; Vargas ¶¶ 10, 16-21, 26-31.)  Specifically, plaintiffs claim that Robert Kim, inter alia: (1) deducted 100% of customer tips in credit card orders from their pay, (2) prior to December 1, 2015, deducted 15% of customer tips in Seamless and GrubHub orders from delivery persons' pay, and (3) starting on December 1, 2015, began charging a 15% delivery

fee for all Seamless and GrubHub customer orders but did not share any portion of the fees with delivery persons.  (Apolinar Aff. ¶¶ 33-34, 36-37; Vargas ¶¶ 16-19.) Plaintiffs also claim that Robert Kim deducted two meals per day from delivery persons who worked the early shift even though they actually only took one meal per day, and required delivery persons to purchase and maintain bicycles without reimbursement.  (Apolinar Aff. ¶¶ 12-14; Vargas ¶¶ 9-15.)

In addition to the allegations relating to plaintiffs' own experiences as delivery persons working for R.J. 49, plaintiffs also each claim to have independently spoken on the street to a delivery person (identified only as Alexis and Mario) who worked for R.J. 51.  Plaintiffs assert that Alexis and Mario each told one of the plaintiffs that the Toasties store located at 51st street (owned by now dismissed defendant R.J. 51) engaged in similar illegal practices as the Toasties deli owned by R.J. 49, including deducting 15% of customer tips on Seamless orders and—for a brief period in early 2016—charging delivery fees without sharing them with delivery persons.  (Apolinar Aff. ¶¶ 52-54; Vargas ¶¶ 32-35.)

Defendants argue that plaintiffs' factual assertions—which, as discussed above, are based on plaintiffs' own experiences working as delivery persons at R.J. 49 and their chance encounters with delivery persons working at R.J. 51—are insufficient to support their broad proposed collective action.  The Court agrees. Plaintiffs have failed to meet their modest burden of showing that there existed a uniform unlawful policy or practice across all Toasties locations or that such a policy applied to employees other than delivery persons at R.J. 49.  <u>Trinidad v. Pret A</u>

16

<u>Manger (USA) Ltd.</u>, 962 F. Supp. 2d 545, 557-58 (S.D.N.Y. 2013).  Simply put, plaintiffs' own experiences as delivery persons employed at the Toasties location owned by R.J. 49 says nothing about the existence of illegal employment policies at other Toasties locations or whether such policies also applied to employees who occupied other positions at the R.J. 49 location.  To the extent that plaintiffs' affidavits support the existence of a common policy, their assertions support only the inference that such policy extends to delivery persons.  There is no logical basis, based on the factual materials that plaintiffs have submitted, that would allow the Court to infer that the unlawful policies they allege, which primarily relate to delivery fees and delivery tips, also applied to employees who occupied other roles. Moreover, plaintiffs' assertions relating to their own experiences, which exclusively concern the Toasties location owned by R.J. 49, do not suggest that the same policies applied to delivery persons at other Toasties locations.[8]

Plaintiffs' assertions that two delivery persons employed by R.J. 51 told plaintiffs in passing that R.J. 51 maintained similar illegal employment policies are similarly insufficient to meet even plaintiffs' modest burden at this stage to show that the scope of any illegal policies extended beyond R.J. 49.  First, both delivery persons with whom plaintiffs spoke worked at R.J. 51, which has been dismissed

---

[8] Although it is not the Court's role to resolve factual disputes at this stage, <u>e.g.</u>, <u>Amador v. Morgan Stanley & Co. LLC</u>, No. 11 Civ. 4326 (RJS), 2013 WL 494020, at *3 (S.D.N.Y. Feb. 7, 2013), the Court notes that defendants have also submitted a declaration from Robert Kim in which he asserts that there are no coordinated payroll or personnel practices or policies between R.J. 49 and any other Toasties locations and that he has no knowledge of the payroll practices or policies employed by any Toasties location other than the location owned by R.J. 49 (Kim Decl. ¶¶ 4, 8, ECF No. 69).  In light of Mr. Kim's declaration, plaintiffs' allegations of common ownership are insufficient to meet their burden to show that the same unlawful employment policy was in place at all Toasties locations. <u>Guaman v. 5 M Corp.</u>, No. 13 Civ. 03820(LGS), 2013 WL 5745905, at *3 (S.D.N.Y. Oct. 23, 2013).

from this action with prejudice as set forth above.  Plaintiffs have presented no facts showing that any common policies existed at any other Toasties location.[9]  Thus, even if the employers at the other Toasties locations had not been dismissed, there is no basis to find that a collective action should extend to include employees who worked at a Toasties location other than that owned by R.J. 49.  Hamadou v. Hess Corp., 915 F. Supp. 2d 651, 666 (S.D.N.Y. 2013) (declining to certify statewide class where the plaintiffs did not even offer hearsay evidence about stations in most of New York State).  Second, even if R.J. 51 had not been dismissed from this action, the asserted similarities between the practices at R.J. 49 and R.J. 51, which relate solely to tip retention, are based on uncorroborated anecdotal hearsay and are too tenuous to support the existence of a common policy across both Toasties locations. Guaman, 2013 WL 5745905, at *3; Urresta v. MBJ Cafeteria Corp., 2011 U.S. Dist. LEXIS 120126, at *15 (S.D.N.Y. Oct. 17, 2011); Barfield v. New York City Health & Hosps. Corp., 2005 U.S. Dist. LEXIS 28884, at *3 (S.D.N.Y. Nov. 17, 2005). According to plaintiffs' assertions as to what they were told by the two delivery persons for R.J. 51, the alleged illegal practices at the two locations did not even commence at the approximately same time period.  (See Apolinar Aff. ¶ 54; Vargas Aff. ¶ 33.)  Furthermore, plaintiffs do not assert that the R.J. 51 delivery persons with whom they spoke said anything about unlawful deduction of pay for meals or

---

[9] Plaintiffs also attempt to rely on two other cases alleging similar claims against Toasties entities that are pending in this District, Lopez v. ARK 48 Corporation, 15-cv-4160 (CM) (S.D.N.Y.), and Martorella v. Ark 48 Corporation, 16-cv-1126 (CM) (S.D.N.Y.).  In contrast to this case, the allegations in Lopez and Martorella focus on minimum wage and overtime violations; moreover, the allegations in neither case have been proven, and a review of the applicable dockets demonstrates that no collective action has been conditionally certified in either action.

illegal kickbacks.  Finally, plaintiffs' vague and conclusory assertions that they have had conversations with other delivery persons working at other Toasties stores about Toasties' policy to deduct customer tips from delivery persons (Apolinar Aff. ¶¶ 50-51; Vargas ¶ 31) do not create a sufficient factual basis to support the existence of a common illegal policy implemented against delivery persons across the several Toasties locations.  <u>Sharma v. Burberry Ltd.</u>, 52 F. Supp. 3d 443, 458 (E.D.N.Y. 2014).

Notwithstanding the foregoing, the Court does conclude—and defendants do not seriously challenge in their opposition (Defs.' Mem. of Law in Opp. to Pls.' Mot. for Conditional Collective Certification at 14-15)—that, when considered in their totality, the Amended Complaint and plaintiffs' affidavits suggest the existence of common policies applicable to delivery persons employed at R.J. 49 that involve illegal retention of tips, deduction of pay for meals and the requirement that delivery persons make kickbacks.  As to this narrowly defined group of individuals, plaintiffs' evidence is sufficient to support conditional certification at this stage.

Accordingly, the Court hereby conditionally certifies a collective action of all current and former delivery persons at R.J. 49 Rest., LLC d/b/a Toasties located at 148 West 49th Street, New York, NY 10019 who, from November 4, 2012 to the present day, allege that they were subject to unpaid minimum wage compensation, illegal meal deductions, illegal retention of tips, and unlawful deductions and kickbacks in violation of the FLSA.  Should facts develop suggesting that any opt-in

plaintiffs are not similarly situated, defendants may move for decertification at that time.

In their opposition brief, defendants request—based in part on numerous typos and other errors contained in plaintiffs' proposed notice (see Troy Decl., Ex. 4, ECF No. 63-4)—that the Court defer ruling on the request for approval of plaintiffs' proposed notice and allow the parties two weeks to meet and confer on the terms of a notice and the terms of disclosure relating to the notice.  That request is granted. The Court agrees that it is appropriate to allow the parties to jointly prepare a proposed notice and identify more precisely any issues which may exist following the Court's limitation of the scope of plaintiffs' sought collective action.  Flood v. Carlson Rests., Inc., 2015 U.S. Dist. LEXIS 6608, at *17-18 (S.D.N.Y. Jan. 20, 2015); Mark v. Gawker Media LLC, 2014 U.S. Dist. LEXIS 114011, at *23-24 (S.D.N.Y. Aug. 15, 2014).  The parties shall therefore meet and confer regarding the terms of plaintiffs' proposed notice, and shall present any remaining issues to the Court, not later than June 6, 2016.

Finally, the Court notes that plaintiffs also request that this Court direct defendants to produce social security numbers and telephone numbers of allegedly similarly situated employees and post the approved notice in conspicuous locations, and to authorize equitable tolling of the statute of limitation pending the expiration of the opt-in period.  Except with respect to plaintiffs' request for phone numbers, these requests are denied with leave to renew.  The Court believes that it is appropriate to provide plaintiffs with phone numbers for allegedly similarly

situated employees given the prevalence of text messaging as a popular and effective form of communication.  As to plaintiffs' requests for production of social security numbers and the posting of the notice in conspicuous places, the Court believes that, at this stage, plaintiffs' request is premature, and therefore denies it with leave to renew should a significant number of notices be returned as undeliverable.  See, e.g., Michael v. Bloomberg L.P., 2015 U.S. Dist. LEXIS 51030, at *9-10 (S.D.N.Y. Apr. 17, 2015).  As to plaintiffs' request for equitable tolling, plaintiffs' request is premature and they have not demonstrated that such tolling is warranted at this time.  Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) ("While signed consents do not relate back to the original filing date of the complaint, the court may apply equitable tolling as a matter of fairness where a party has been prevented in some extraordinary way from exercising his rights." (citations, quotation marks and alterations omitted)).  Plaintiffs' request is therefore denied with leave to renew upon a stronger showing that any opt-in plaintiffs have been prevented from exercising their rights.

IV.   CONCLUSION

For the reasons set forth above, it is hereby ORDERED that defendants R.J. 51 Inc.'s, N.J. 52 Inc.'s and Susan Kim's motion to dismiss is GRANTED.  The Court also dismisses, sua sponte, defendants Elliot Lee, Raymond Kim, John Doe Corporation d/b/a Toasties, Ark 48th Corp. d/b/a Toasties, 924 Third Ave. Deli, Inc. d/b/a Toasties, Toasties One Corp. d/b/a Toasties, Toasties Deli Corp. d/b/a Toasties, and CCKO, Inc. d/b/a Toasties due to plaintiffs' failure to timely serve them.

It is further ORDERED that plaintiffs' motion for conditional certification of a collective action is GRANTED IN PART.  As set forth in this Opinion & Order, the parties shall meet and confer regarding the terms of plaintiffs' proposed notice and present any remaining issues to the Court not later than **June 6, 2016**.

The Clerk of Court is directed to close the motions at ECF Nos. 59 and 62.

SO ORDERED.

Dated:      New York, New York
            May 18, 2016

                                        _____
                                           KATHERINE B. FORREST
                                        United States District Judge